IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEPHEN LEE MILEY,           §
TDCJ #1600487,               §
                             §
          Petitioner,        §
                             §
v.                           §          CIVIL ACTION NO. H-10-2584
                             §
RICK THALER, Director,       §
Texas Department of Criminal Justice -  §
Correctional Institutions Division,     §
                             §
          Respondent.        §

## MEMORANDUM AND ORDER

The petitioner, Stephen Lee Miley (TDCJ #1600487, former TDCJ #332861, #254229), seeks a writ of habeas corpus to challenge two state court judgments of conviction under 28 U.S.C. § 2254.  The respondent has filed an answer, arguing that Miley is not entitled to relief and that the petition must be dismissed [Doc. # 9].  Miley has filed a response [Doc. # 10].  After considering all of the pleadings, the state court records, and the applicable law, the Court dismisses this case for reasons set forth below.

## I.      BACKGROUND

Miley is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") as the result of more than one state court conviction.  The state court records show that a Harris County grand jury returned an indictment against Miley in cause number 1191305, charging him with committing robbery

on November 7, 2008.[1]  The grand jury returned a separate indictment against Miley in cause number 1191306, charging him with committing another robbery on November 12, 2008. The State enhanced each of these indictments for purposes of punishment under the Texas habitual offender statute by including allegations that Miley had at least two prior felony convictions (one for aggravated robbery in Harris County cause number 346600 and the other for unauthorized use of a motor vehicle in Harris County cause number 683053).[2]   As a result, Miley faced range of imprisonment from 25 years to life.

On September 16, 2009, Miley pleaded guilty as charged in both cause numbers 1191305 and 1191306 under the terms of a plea agreement with the State.  In connection with his guilty plea, Miley executed a written judicial confession and waiver of constitutional rights in which he stipulated that the facts outlined in both of the indictments against him were true, including the enhancement allegations.  The judicial confession was executed by Miley and his defense attorney, who confirmed his belief that the guilty plea was "knowingly and voluntarily" entered after fully discussing the terms of the plea bargain and the

---

[1]     In Texas, a person commits the offense of robbery "if, in the course of committing theft as defined by Chapter 31 of the Texas Penal Code, and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."  TEX. PENAL CODE § 29.02(a).  The offense of robbery, as defined by § 29.02(a) of the Texas Penal Code, is a felony of the second degree.  *See id*. at § 29.02(b).

[2]     The Texas habitual offender statute is found at § 12.42 of the Texas Penal Code.  As it pertains to Miley, this statute provides that, "if on the trial of a second-degree felony an offender has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony." TEX. PENAL CODE § 12.42(b).

consequences of the plea.  The 337th District Court for Harris County, Texas, accepted Miley's guilty plea in open court and expressly found that it was "knowingly and voluntarily" made.  Pursuant to the terms of the plea agreement, the trial court sentenced Miley to serve concurrent terms of 30 years' imprisonment in each case.

Miley did not pursue a direct appeal.  Sometime after his conviction became final, Miley filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, challenging both of the convictions entered against him in cause numbers 1191305 and 1191306.  In this proceeding, Miley raised claims concerning the validity of the indictments and he faulted his attorney for failing to object to the enhancement allegations.  The state habeas corpus court, which also presided over Miley's guilty plea proceeding in each case, recommended that relief be denied after finding that the claims were either without merit, waived by Miley's valid guilty plea, or not cognizable in a post-conviction habeas proceeding.  The Texas Court of Criminal Appeals agreed and denied relief, without a written order, based on the state habeas corpus court's findings.  *See Ex parte Miley*, No. 73,821-01 & 73,821-02.

Miley now seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge both of his state court convictions in cause numbers 1191305 and 1191306.  Liberally construed, Miley contends that he is entitled to relief for the following reasons:  (1) his defense attorney was ineffective for failing to object to a "void" enhancement conviction that was remote in time;  (2) the trial court erred by denying the pretrial motions filed by his defense counsel;  (3) the indictments in cause numbers 1191305 and 1191306 were improperly enhanced with

3

the same prior felony convictions; and (4) there was legally insufficient evidence to support his conviction for robbery.  The respondent argues that Miley is not entitled to relief and that the petition must be dismissed because his claims fail as a matter of law.  The parties' contentions are addressed below under the applicable federal habeas corpus standard of review.

## II.     STANDARD OF REVIEW

Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  For claims adjudicated on the merits, the AEDPA standard provides that a petitioner is not entitled to relief unless he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000); *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009).  A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case.  *Brown v. Payton*, 544 U.S. 133, 141 (2005).  Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law

4

must be "objectively unreasonable." *Williams*, 529 U.S. at 409.  The focus of this objective reasonableness inquiry is on the state court's ultimate decision, not whether the state court "discussed every angle of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)).

A state court's findings and conclusions are entitled to deference on federal habeas review unless the petitioner shows that they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).  A state court's findings of fact are presumed correct and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well.  *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).

The record shows that most of the claims presented in Miley's petition (claims 2-4) were rejected on state habeas corpus review for procedural reasons, and not adjudicated on the merits.  If a claim has not been adjudicated on the merits in state court, federal review is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state-law ground.  *Cone v. Bell*, — U.S. —, 129 S. Ct. 1769, 1780 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).  The procedural default rule also prevents habeas review when a petitioner has failed to meet state procedural requirements for

presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance. *See Cone*, — U.S. —, 129 S. Ct. at 1780 (noting that, "[w]hen a petitioner fails to properly raise his federal claims in state court, he deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights") (quoting *Coleman*, 501 U.S. at 732).   Miley's claims are addressed below under the applicable standard of review and the liberal construction accorded to *pro se* pleadings.

## III.   DISCUSSION

The respondent observes that none of the claims raised by Miley challenge the validity or the voluntary and knowing character of his guilty plea.   Because Miley does not challenge the validity of his guilty plea, the respondent contends that Miley has waived all of his claims and that the petition must be denied for this reason.

It is well established that "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).   In that respect, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).   A guilty plea may not be set aside merely because the defendant made what turned out, in retrospect, to be a poor deal. *See Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005).   Rather, a guilty plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of his plea bargain. *See id.* (citations

6

omitted). This means that, by voluntarily pleading guilty to an offense, a criminal defendant waives all non-jurisdictional defects preceding the plea. *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). This includes those claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 200 F.3d 386, 392 (5th Cir. 2000).

Miley does not dispute that his decision to plead guilty was voluntarily and knowingly made. As outlined above, the record confirms that Miley executed a written judicial confession to the charges against him and entered a guilty plea in both cause numbers 1191305 and 1191306 pursuant to a plea agreement with the state. Based on the written confession and stipulation of evidence, which was signed by Miley, the prosecutor, and defense counsel, the trial court found that the guilty plea in each case was "knowingly and voluntarily" made by Miley after discussing the terms and consequences with his attorney.[3] Official court records, such as the judicial confession executed by Miley, the prosecutor, defense counsel, and the trial court, "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir. 1985) (citations omitted).

---

[3]    Findings of fact are presumed correct for purposes of federal habeas corpus review unless the petitioner presents "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). Although the ultimate determination of whether a guilty plea was voluntary is a question of law, subsidiary findings of historical fact, including credibility determinations, are entitled to the presumption of correctness. *See Marshall v. Lonberger*, 459 U.S. 422, 431-32 (1983).

Likewise, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge* ); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Although their attestations to voluntariness are not an absolute bar to raising this claim, appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity.").  Representations made by the defendant, his lawyer, and the prosecutor at a plea hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attack. *See Blackledge*, 431 U.S. at 73-74.

Miley did not challenge the validity of his guilty plea on state habeas corpus review and, likewise, his pending federal habeas petition does not include a claim that his decision to plead guilty was involuntarily or unknowingly made.  Miley's allegations do not otherwise call into question the validity or voluntariness of the guilty plea.  In that respect, although Miley attempts to raise a claim that his counsel was ineffective for failing to raise certain objections to the indictment, he does not allege that his guilty plea was made in reliance upon his counsel's deficient advice.  Absent a claim that his guilty plea was uninformed, involuntary, or induced by constitutionally defective advice of counsel, all of Miley's claims are waived as the result of his presumptively valid guilty plea.  It follows that Miley's

petition does not state a claim for which relief can be granted on federal habeas corpus review and that this case must be dismissed.[4]

## IV.   CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, which requires a certificate of appealability before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment

---

[4]    In the alternative, the respondent notes that several of the allegations in Miley's petition (claims 2-4) are barred from review because the state habeas corpus court rejected them for procedural reasons.  Noting further that Miley does not establish any defect in the indictments or the enhancement allegations, the respondent argues further that defense counsel had no reason to object and that Miley's ineffective-assistance claim is therefore without merit.  Miley does not dispute that claims 2-4 are barred by the doctrine of procedural default or attempt to show that an exception applies.  Likewise, to the extent that the state habeas corpus court rejected Miley's ineffective-assistance claim, Miley does not show that the state court's decision was objectively unreasonable under the legal standard found in *Strickland v. Washington*, 466 U.S. 668 (1984).  Because Miley does not challenge the validity of his guilty plea, or show that his claims were not waived as the result of that plea, this Court does not address the respondent's alternative arguments any further.

of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right.  Therefore, a certificate of appealability will not issue.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.   The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

2.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on the 24th day of November, 2010.

Nancy F. Atlas
United States District Judge

11